Judge: Timothy W. Dore
Chapter: 13
Hearing Date: November 06, 2019
Hearing Time: 9:30 am
Hearing Location: U.S. Bankruptcy Court
700 Stewart St #8106
Seattle, WA 98101

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

MELIN RODRIGUEZ,

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 19-13103

TRUSTEE'S OBJECTION TO CONFIRMATION

The Trustee objects to confirmation of the debtor's plan, filed October 01, 2019 (ECF No. 29) as follows:

The debtor filed this case August 21, 2019 (ECF No. 1). (1) The debtor's Motion for Confirmation of Amended Chapter 13 Plan and the associated notice (ECF No. 31) incorrectly provide in the upper righthand captions for a hearing time of 9:00 AM, as opposed to 9:30 AM. The Trustee understands that this is likely a typo, but raises it for the Court's attention. (2) The amended plan states in Section III.A. that the payment shall be: "$2200 for September 2019, then $3,496.00 per month from October 2019 until September 2020, then $4,272.00 a month from November 2020 until the end of the Plan." This language neglects to provide what the plan payment will be in the month of October 2020. The debtor needs to amend the plan to clarify the amount of the payment for October 2020. (3) The debtor's amended plan provides for valuation of Regional Acceptance Corporation's security in a 2011 Chevy HHR (ECF Claim No. 5), but the debtor did not fully comply with Local Bankruptcy Rule 3015-1(f) (Request for Valuation of a Security Interest and Modification of a Secured Claim in a Plan under 11 U.S.C. § 506). In particular, the debtor's proof of service (ECF No. 33) does not reflect that the debtor served the amended plan in the manner provided for service of a summons and complaint by Federal Rule of Bankruptcy Procedure 7004. Local Bankr. R. 3015-1(f)(4). Fed. R. Bankr. P. 7004(3) requires that service upon a domestic or foreign corporation must be effectuated by mailing a copy of the summons and complaint to the attention of an officer,

TRUSTEE'S OBJECTION TO CONFIRMATION - 1

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. It appears the debtor served the amended plan to Regional Acceptance Corporation via three different addresses for P.O. Boxes, but that none of these addresses included the requisite notation (i.e. attention of an officer or agent for the creditor) (ECF No. 33). In any proceeding which is to be accorded finality, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Central Hanover Bank & Trust Co. et al., 339 U.S. 306, 314 (1950). (4) The debtor did not fully comply with the requirements of Local Bankr. R. 3015-1(f)(2) regarding the language that must be found in Section X of the plan where a debtor seeks to modify a secured claim through the plan. The amended plan in Section X (a) omits the third sentence of the requisite language set forth in the rule, and (b) adds in an interest rate. (5) Given that the debtor has not properly modified the secured claim of Regional Acceptance, the periodic payment provided in the plan of $50.00 is insufficient to pay within the plan term the secured claim asserted by that creditor (ECF Claim No. 5). (6) The plan is not feasible in the sense that the periodic payments provided in Sections IV.A. and IV.C. of the plan when combined with the associated Trustee fee exceed the total plan payment. (7) The debtor has not filed a Statement of Financial Affairs (Form 107); the debtor must file this statement. Fed. R. Bankr. P. 1007(b)(1)(D). (8) The debtor disclosed the following bank accounts on amended Schedule A/B (ECF No. 26): a Banner Bank checking account; a BECU checking account and a BECU savings account; a Chase Bank checking account; and a Key Bank checking account. The debtor needs to provide the Trustee with a statement covering the time period that includes the petition date for the Key Bank checking account. Local Rules W.D. Wash. Bankr. 4002-1(a), Fed. R. Bankr. P. 4002(b)(2)(B). (9) Based on the September 6, 2019 paystub the debtor provided to the Trustee, she has two additional unscheduled bank accounts into which a portion of her paycheck is deposited: a MetaBank account ending 8081, and an account ending 7133 with The Bancorp Bank. The debtor needs to (a) further amend Schedule A/B to disclose these two accounts and

CM161
EAJ

TRUSTEE'S OBJECTION TO CONFIRMATION - 2

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

Case 19-13103-TWD    Doc 36    Filed 10/23/19    Ent. 10/23/19 09:59:08    Pg. 2 of 3

(b) provide the Trustee with statements covering the time period that includes the petition date. (10) The debtor did not disclose on her Voluntary Petition (ECF No. 1) that she has filed two bankruptcy cases, under cause numbers 17-11066 and 18-10300, within the prior 8 years (see docket entry dated August 22, 2019). The debtor needs to amend her Voluntary Petition to disclose these prior filings. (11) The Trustee reserves the right to assert additional bases for this pleading.

THE TRUSTEE REQUESTS:

That the Court enter an order denying confirmation of the debtor's plan, and setting deadlines for filing and noting a feasible amended plan.

Dated: October 23, 2019

/s/ Jason Wilson-Aguilar
Jason Wilson-Aguilar, WSBA #33582
Chapter 13 Trustee

CM161 EAJ

TRUSTEE'S OBJECTION TO CONFIRMATION - 3

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle,WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

Case 19-13103-TWD    Doc 36    Filed 10/23/19    Ent. 10/23/19 09:59:08    Pg. 33 of 3